1

2

3

4

5

6

7              UNITED STATES BANKRUPTCY COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9    In re

10   PETALUMA GREENBRIAR INVESTMENTS 5, LLC,              No. 11-10655

11                        Debtor(s).
     _____/

12
                        Memorandum re Plan Confirmation
13                           _____

14        This is a single asset real estate case governed by § 362(d)(3) of the Bankruptcy Code. The

15   debtor has filed a Chapter 11 plan which purports to assume and perform (at a time in the future) a

16   prepetition forbearance agreement with Westamerica Bank.[1]  The Bank opposes the plan because it has

17   already foreclosed and because the forbearance agreement has expired.

18        On May 20, 2011, the court entered an order modifying the automatic stay to permit the Bank

19   to foreclose on or after August 11, 2011, unless a plan was confirmed by August 10, 2011.  On August

20   16, 2011, the Bank sought an amended order correcting the description of the property but otherwise

21   making no changes.  The court granted the request and entered an amended order on August 22, 2011.

22   The Bank foreclosed nonjudicially on August 26, 2011.

23        The debtor contends that it still owns the property and its plan is therefore not moot,

24

25
_____

26        [1]The agreement was actually with Sonoma Valley Bank.  Westamerica is its successor in
     interest.

                                        1

notwithstanding its failure to obtain confirmation by August 10, 2011, because the amended order of August 22, 2011, was stayed for 14 days by operation of law. The court finds no merit to this argument. The debtor relies on Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, which provides that a stay relief order is stayed for 14 days after entry *unless the court orders otherwise.* When an order specifies a certain date after which an action may be taken, it has ordered otherwise.[2] The court accordingly finds that the plan is unfeasible due to the fact that the property is no longer owned by the debtor.[3]

Although it appears moot, the debtor's attempt to revive the redemption agreement is futile. The agreement, dated August 12, 2010, gave the debtor until December 31, 2010, to pay $4,320,000.00. On December 3, 2010, the parties signed a lengthy letter making it clear that the Bank waived no rights by discussing other offers. On December 20, 2010, the debtor made a proposal to the Bank which did not include payment by the deadline in the forbearance agreement. The Bank made no response until February, 2011, when it rejected the proposal. The debtor filed its Chapter 11 petition on February 24, 2011.

During the pendency of these Chapter 11 proceedings, the debtor filed an adversary proceeding seeking a declaration that the forbearance agreement had not expired and was assumable. The adversary proceeding was assigned to the Honorable Thomas Carlson, who granted the Bank's motion to dismiss. Judge Carlson granted leave to amend only if the debtor could allege that it had fully performed by the December 31 deadline. Unable to do so, the debtor dismissed the adversary proceeding.

Regardless of whether the debtor is even entitled to seek a different ruling now, the court agrees with Judge Carlson that the forbearance agreement terminated on December 31, 2010, and

---

[2]Moreover, the amended order did not vacate the prior order.

[3]Since there is no right to redemption of nonjudicially foreclosed property, the plan is also unconfirmable pursuant to § 1129(a)(3) of the Code.

2

1  cannot now be assumed.   There is no basis in the law for the court to deem the Bank's silence as

2  consent to extend the deadline, especially in light of the terms of the December 3 letter agreement.

3  While  § 108(b) of the Code can extend the deadline for a debtor to cure a default, it is applicable only

4  when the time had not already expired when the bankruptcy petition was filed.  Once a contract has

5  expired, it cannot be assumed.  *In re Texscan Corp.,* 107 B.R. 227, 230 (9th Cir. BAP 1989); *In re*

6  *Balco Equities Ltd., Inc.,* 312 B.R. 735, 750 (Bkrtcy.S.D.N.Y. 2004)[expired forbearance agreement

7  cannot be assumed].

8       For the foregoing reasons, the court will deny confirmation of the debtor's plan.  Counsel for

9  the Bank shall submit an appropriate form of order.  This Memorandum constitutes the court's findings

10  and conclusions.

11

12  Dated:  November 8, 2011

13

14  _____

       Alan Jaroslovsky

15     U.S. Bankruptcy Judge

16

17

18

19

20

21

22

23

24

25

26

3